IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SHAWN CONLEY,         )<br>                       )<br>    Plaintiff,       )<br>                       )<br>                       )   Civil Action 2:21-1110<br>    vs.                )<br>                       )<br>                       )<br>JOHN WETZEL, KAREN FEATHER, )<br>ADAM MAGOON and MALINDA )<br>ADAMS,                 )<br>                       )<br>    Defendants.        ) | |

### ORDER

Plaintiff Shawn Conley has filed a Motion to Receive Additional Discovery (ECF No. 87) to which Defendants have responded (ECF No 89). For the reasons that follow, Plaintiff's motion will be denied.

Plaintiff first seeks Defendant Magoon's "positive Covid tests and attendance record for the week of any positive test result." He asserts that this is relevant to his contention that Defendant Magoon "constantly" and unnecessarily placed him at risk of contracting COVID. Notably, in a previous discovery motion (ECF No. 78), Plaintiff requested Defendant Magoon's positive COVID-19 test results and attendance records, including where he worked and on what shifts, for the entire year of 2020. In denying this request (ECF No. 82), the Court noted, among other issues, that the allegations in the Second Amended Complaint regarding this Defendant's conduct are limited to November 2020, and therefore, Plaintiff failed to demonstrate any basis for the overly broad discovery he sought.

In their response to Plaintiff's prior motion regarding this matter, Defendants represented that Defendant Magoon's last time at SCI- Mercer prior to his positive test on November 22, 2020, was on November 17, 2020. Their response to the present motion states that this was incorrect.

They supply the Declaration of Defendant Magoon which provides corrected and additional information about his work schedule and other relevant matters. He states that he was off work between October 24 and November 15, 2020. He worked on November 16 and 17 but not on the HB unit. He was again off of work on November 18 and 19. Defendant Magoon further states that he worked as a yard officer on November 20, 2020, and on the HB unit on November 21, 2020. He received a positive COVID test result on the morning of November 22, 2020, before coming to work. He had no symptoms before the morning of November 22, 2020, and if he had, he represents, he would not have come to work. The only time that he tested positive for COVID was on November 22, 2020.

In light of the content of Defendant Magoon's Declaration, Plaintiff's request for Defendant Magoon's tests (assuming he means test records) and attendance record will be denied. This Declaration, which is made subject to the penalties of 28 U.S.C. § 1746, provides relevant information regarding his activities during the month of November 2020. With respect to what appears to be a request for Defendant Magoon's emails for November 2020, Plaintiff has failed to show that these documents would reveal information that is relevant to this claim of deliberate indifference or proportional to the needs of the case.

Plaintiff again seeks the dates that the quarantine was lifted. This information was supplied to Plaintiff by Defendants in their response to his previous motion and was addressed in the Court's order on this issue (ECF No. 82). Therefore, Plaintiff's request for this information will be denied. Similarly, his request for medical information or grievances regarding other inmates was previously denied and he has provided no basis to reconsider the Court's order (ECF No. 82) that addressed this matter.

Plaintiff also asks for the production of all COVID-related emails to and from the defendants and other colleagues, Defendant Feather's emails and former Secretary Wetzel's emails. Defendants represent that during the last two years, thousands of emails were sent to and from DOC officials regarding COVID. Moreover, Plaintiff's request for COVID-related emails was denied in an earlier order (ECF No. 81). Therefore, the Court concludes that Plaintiff's request is not proportional to the needs of this case and will be denied.

Plaintiff renews his request for 44 videos that he originally requested in a previous Motion for Leave to Receive Additional Discovery (ECF No. 77) which was denied (ECF No. 81). In their response to the original motion, Defendants indicated that the videos are not preserved in the ordinary course unless there is a timely request and no such request was received. Plaintiff now asserts that he made requests to preserve videos to the Office of Special Investigations, now known as the Bureau of Investigations and Intelligence ("BII"). Defendants state that they contacted the Chief of BII, who advised that the Bureau does not handle COVID-related matters, and if they had received such communications they would have returned them to the facility. Defendants reiterate that the videos do not exist and Plaintiff has submitted no evidence that he made a request to preserve these videos.

In addition, Plaintiff again seeks videos of a "third party" video to support his claim that officers and nurses engaged in fraud regarding COVID tests.

Plaintiff's requests for these videos were denied in the Court's previous orders (ECF Nos. 81 and 82). Based upon a review of his motion and Defendants' response, the Court concludes that Plaintiff has not provided an adequate basis to reconsider these decisions and therefore, his motion for these videos will be denied.

Finally, Plaintiff seeks "Termination Decrees" which he states will show how many "COVID violators" were fired or sanctioned.  While it is not clear what Plaintiff is asking for, to the degree that he requests employee personnel files, this matter was addressed in the Court's previous order (ECF No. 81) and Plaintiff has provided no new grounds to revisit it.  This request will also be denied.

Therefore, it is ORDERED that Plaintiff's Motion to Receive Additional Discovery is DENIED.

SO ORDERED this 30th day of March 2022.

s/ Patricia L Dodge
PATRICIA L. DODGE
United States Magistrate Judge